# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER WAYNE WEBB, )
)
          Plaintiff, )
)
v. )   No. CIV 10-425-FHS-SPS
)
DAVID MICHAEL CATHEY and )
JULIE NAFIEH, )
)
          Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss. The court has before it for consideration plaintiff's amended complaint, the defendants' motions, and plaintiff's response. Plaintiff, a pretrial detainee who is incarcerated in the Bryan County Jail in Durant, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations arising during his criminal prosecution in Bryan County District Court Case No. 2009-386 for Kidnaping, Financial Exploitation of a Mentally Disabled Person, and Conspiracy to Commit a Felony. The defendants are David Michael Cathey, Investigator for the Bryan County District Attorney's Office, and Julie Nafieh, Bryan County Assistant District Attorney.

Plaintiff alleges in his vague and confusing amended complaint that since October 2008, the defendants have abused their authority by pursuing retaliatory, fabricated charges against him, resulting in plaintiff's malicious and fraudulent arrest. He claims Defendant Nefieh maliciously prosecuted him, and he expected to be cleared of the charges at his November 30, 2009, preliminary hearing. The alleged victim, however, testified she did not remember what had happened, and three of the State's other witnesses could not be located.

Plaintiff further asserts Defendant Nafieh willfully and maliciously used a witness's misidentification to petition the court to hold plaintiff over for trial.

Plaintiff's claim against Defendant Cathey includes assertions that during Cathey's investigation, Cathey discovered the victim's allegation of kidnaping was fabricated, because the victim actually was able to leave and to use the phone. Plaintiff also complains that at the preliminary hearing, Cathey and Nafieh said nothing when a witness misidentified plaintiff. In addition, Cathey allegedly has continued to fail to produce exculpatory testimony, and Cathey knew there was no kidnaping.

Defendants Julie Nafieh and David Michael Cathey have filed motions to dismiss, alleging they are entitled to absolute immunity. Ms. Nafieh asserts she is immune, because all the complained-of conduct occurred while she was acting in her prosecutorial role in presenting the State's case against plaintiff in the preliminary proceedings.

A prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on the performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). A prosecutor's withholding of evidence, is an action "intimately associated' with the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 n.34 (1976). *See also Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991), *cert. denied*, 502 U.S. 1091 (1992) ("Whether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule for prosecutors."). Because Ms. Nafieh was acting in her prosecutorial role, she is entitled to absolute immunity, and her motion to dismiss is GRANTED.

Defendant Cathey maintains he also is entitled to absolute immunity, because he was acting in his role as the district attorney's investigator when he assisted the State in presenting the case against plaintiff in the preliminary proceedings. In support of his claim that he is entitled to absolute immunity for his investigative work, he has cited authority from the Third and Ninth Circuits, but none from the Tenth Circuit.

"'[I]mmunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches'" *Mee v. Ortega*, 967 F.2d 423, 425 (10th Cir. 1992) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)) (emphasis in original). "[A] prosecutor is only entitled to *qualified* immunity when acting in an administrative or investigative capacity." *England v. Hendricks*, 880 F.2d 281, 285 (10th Cir. 1989) (citing *Meade v. Grubbs*, 841 F.2d 1512, 1532 (10th Cir. 1988) (emphasis added)). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 811 n.16 (1982); *Buckley*, 509 U.S. 272-74. Defendant Cathey's motion to dismiss, based on absolute immunity, therefore, is DENIED without prejudice to file a proper dispositive motion.

**ACCORDINGLY,** Defendant Julie Nafieh's motion to dismiss (Docket No. 20) is GRANTED, and Defendant David Michael Cathey's motion to dismiss (Docket No. 21) is DENIED.

IT IS SO ORDERED this 27th day of September, 2011.

Frank H. Seay
United States District Judge